United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF JIMMY RAY HATFIELD, et al.,

    Plaintiffs,

    v.

COUNTY OF LAKE, et al.,

    Defendants.
_____/

No. C 11-2396 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion to dismiss plaintiff's complaint came on for hearing on January 25, 2012 before this court. Plaintiffs appeared through their counsel, Mike Green. Defendant William T. Durkin ("defendant") appeared through his counsel, Barry Marsh. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion, for the reasons stated at the hearing, and summarized as follows:

    1.    Plaintiffs' first claim for relief, alleging violation of 42 U.S.C. § 1983, fails as to defendant Durkin. Plaintiffs allege that Durkin was a State licensed and Board-certified physician who contracted to provide emergency room care with defendant Adventist Health Clearlake Hospital, that Durkin examined and treated decedent for a distal left ulnar fracture, and that post-treatment, Durkin "cleared [decedent] medically but not mentally for incarceration...". Complaint, ¶¶ 31, 39. This is insufficient, however, to adequately allege that Durkin was acting under color of state law, rather than as a private actor. See, e.g., Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974)("purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983). Nor does plaintiffs' wholly conclusory allegation that Durkin "conspired with other state actors to

1  deprive plaintiff of his constitutional rights," discharge plaintiffs' burden to allege a degree of
2  joint participation with the State sufficient to transform Durkin's conduct from that of private
3  actor to that of state actor, for purposes of section 1983 liability.  See Complaint, ¶ 31;
4  Sable Communications of California Inc. v. Pacific Tel. & Tel. Co., 890 F.2d 184, 189 (9th
5  Cir. 1989)(section 1983 action will lie if private actor "acted jointly with, or under compulsion
6  from, state officials under a procedural scheme created by the state")(To establish joint
7  participation, "'[i]t is enough that [the private party] is a willful participant in joint activity with
8  the State or its agents.'").  Although plaintiffs argued at the hearing that defendant qualifies
9  as a state actor under the "public functions" test, plaintiffs have not alleged any supporting
10 facts to establish the manner in which Durkin acted jointly with any State agents or actors in
11 violating decedent's civil rights, nor have they alleged the manner in which Durkin sought to
12 invoke State aid or avail himself of State authority in carrying out any specific actions.

13       To the extent that plaintiffs' complaint additionally alleges a violation of the
14 decedent's Eighth Amendment rights against defendant Drukin, plaintiffs' counsel clarified
15 at the hearing that plaintiffs are relying solely upon allegations of a Fourteenth Amendment
16 violation.

17       Accordingly, defendant's motion to dismiss plaintiffs' section 1983 claim as to
18 defendant Durkin, is GRANTED, and the claim is DISMISSED.  Leave to amend is granted,
19 however, so that plaintiffs may attempt to cure the foregoing deficiencies.

20       2.  Plaintiffs do not contest defendant's motion to dismiss plaintiffs' fourth claim
21 for relief for negligence on grounds that the claim is duplicative of plaintiffs' fifth claim for
22 relief alleging medical negligence.  Accordingly, plaintiff having agreed to dismiss the claim,
23 defendant's motion is GRANTED as to the fourth claim for relief, and the claim is dismissed
24 with prejudice.

25       3.  Plaintiffs' fifth claim for relief claim alleging medical negligence fails to state a
26 valid claim for relief against Durkin.  Plaintiffs' claim for relief, which alleges conduct by
27 "defendants" in the collective, fails to identify the acts or omissions by Durkin that underlies
28

plaintiffs' claim for medical negligence.  Furthermore, to the extent that plaintiffs rely on their allegation that Durkin failed "to clear[] [decedent] ... mentally for incarceration" after treating the decedent for a distal left ulnar fracture as grounds for plaintiffs' claim, this allegation is insufficient, without more, to establish that Durkin owed the decedent any particular standard of care, or the manner in which Durkin, specifically, violated any applicable standard of care.

Accordingly, defendant's motion to dismiss plaintiffs' fifth claim for relief is GRANTED as to defendant Durkin.  Leave to amend is granted so that plaintiffs may attempt to cure the foregoing deficiencies.

4.	Defendant's motion to strike plaintiffs' request for punitive damages is DENIED.

Plaintiffs' amended complaint shall be due no later than February 17, 2012. Defendant shall have 21 days thereafter in order to respond to the complaint.

**IT IS SO ORDERED.**

Dated: January 27, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3