UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF JIMMY RAY HATFIELD, et al.,

      Plaintiffs,

    v.

COUNTY OF LAKE, et al.,

      Defendants.
_____/

No. C 11-2396 PJH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

    Defendants (1) Dr. William Durkin ("Durkin"); (2) Adventist Health Clearlake Hospital ("Adventist"); and (3) Lake County Department of Mental Health ("DMH"), DMH employee Patricia Trujillo, and DMH employee Kristy Kelly's three separate motions to dismiss plaintiffs' first amended complaint ("FAC") came on for hearing on May 23, 2012 before this court. Durkin appeared through his counsel, Mike Green; Adventist appeared through its counsel, Denise Billups-Slone; and DMH, Trujillo, and Kelly appeared through their counsel, Steven Enochian. Counsel for Lake County, Eric Gale, and for the City of Clearlake, Dirk Larsen, also attended the hearing. Having read all the papers and carefully considered the relevant legal authority, the court hereby GRANTS IN PART and DENIES IN PART defendants' motions, for the reasons stated at the hearing, and summarized below as follows:

I. **Common Issue re: All Defendants' Motions**

    There is one overriding deficiency in plaintiffs' FAC that impacts all three motions to dismiss. The FAC fails to specify which plaintiffs are bringing which claims against defendants as survival claims or otherwise, and in which capacity plaintiffs are bringing

those claims, e.g., as successors in interest or as heirs or otherwise.

Under California law, "survival actions" are distinguished from "wrongful death" actions. A wrongful death action is an independent claim brought by a decedent's heirs for damages they personally suffered on account of the death. *See* Cal. Civ. P. Code § 377.60. A survival action, on the other hand, is not a new cause of action that vests in the heirs on the death of the decedent. Rather, it is a separate and distinct personal injury action that belonged to the decedent before death, but which, by statute, "survives" to the decedent's estate for the purpose of recovering damages that would have been available personally to the decedent had he or she lived. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1256 (2006); *see* Cal. Civ. P. Code § 377.20.

Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. *See* Cal. Civ. P. Code § 377.30. In other words, it is a separate cause of action that belonged to the decedent before death, and which, by statute, survives that death. *Id.; see Quiroz*, 140 Cal. App. 4th at 1256. The survivor claim may be asserted by the decedent's personal representative, or, if he has none, by the decedent's "successor in interest." Cal. Civ. P. Code § 377.30. The "decedent's successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of property that is the subject of a cause of action." Cal. Civ. P. Code § 377.11. The "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law. *See id.*, §§ 377.30, 377.32; *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006).

A person seeking to file an action as a decedent's successor in interest must attest to certain facts showing that the person is in fact the decedent's successor in interest. Cal. Civ. P. Code § 377.32. The proposed "successor in interest" must execute and file an affidavit or declaration under penalty of perjury, stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for

the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent. *Id.* In addition, the declarant must attach a certified copy of the death certificate; if the decedent's estate was administered, the declarant must also produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest. *Id.*

The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the state's requirements for bringing a survival action. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

By contrast, under California law, a cause of action for wrongful death is a statutory claim. Cal. Civ. P. Code §§ 377.60-377.62. Its purpose is to compensate specific persons – that is, heirs – for the loss of companionship and other losses suffered as a result of a decedent's death. *Jackson v. Fitzgibbons*, 127 Cal. App. 4th 329, 335 (2005). Only the persons enumerated in § 377.60 have standing to assert a wrongful death claim. Section 377.60(a) provides in part that

> [a] cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons . . . who would be entitled to the property of the decedent by intestate succession.

The wrongful death cause of action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and . . . damages awarded should be in a lump sum," and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. *Helling v. Lew*, 28 Cal. App. 3d 434, 438 (1972). An heir who files a wrongful death action is required to properly join all known heirs in the action. *Cross v. Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 692-93 (1964); *Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997).

At the hearing, plaintiffs represented that the § 1983 claims are the only claims being asserted as survival claims, which decedent's daughters are bringing as successors in interest.  Plaintiffs noted that none of the state law claims were being brought as survival claims, but that instead decedent's daughters and his parents were suing in their capacity as decedent's heirs.  Plaintiffs also conceded that all of the state law claims were tied into the wrongful death claim.  Plaintiffs further indicated that they would be dismissing the estate as a party since there was in actuality no estate.

For the reasons stated at the hearing, plaintiffs must add such clarification to the complaint itself, and all three motions to dismiss are GRANTED as to all claims on this basis with leave to amend.  Plaintiffs are required to amend the complaint such that the second amended complaint ("SAC") specifies in the heading to each claim which plaintiffs are bringing the claim and in which capacity.  Additionally, plaintiffs are required to allege sufficient facts demonstrating that they are entitled to bring the claim in the capacity it is raised.   This ruling applies to all claims that are not otherwise dismissed with prejudice as set forth below.

## II.     Durkin's Motion to Dismiss

### A.     Claim One: Deliberate Indifference Under § 1983

The court GRANTS Durkin's motion to dismiss the claim with leave to amend as set forth in section one above.  However, the court finds that the FAC sufficiently alleges that Durkin acted under color of state law, a serious medical need on decedent's behalf, and that Durkin responded with deliberate indifference, and DENIES Durkin's motion to dismiss the claim on this basis. Additionally, the court DENIES Durkin's motion to dismiss the claim based on the damages alleged in conjunction with the claim, and concludes that, for the reasons set forth in *Cotton v. City of Eureka*, 2012 WL 909669 at *9 (N.D. Cal. 2012), damages based on the decedent's pain and suffering are available in a § 1983 survival action.  *See also Guerrero v. County of San Benito*, 2009 WL 4251435 at *5 (N.D. Cal. 2009); *Guyton v. Phillips*, 532 F.Supp. 1154, 1166-67 (N.D.Cal. 1981), *abrogated on other*

4

*grounds by Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984).

### B.     Claim Five: Medical Negligence

The court GRANTS Durkin's motion to dismiss the claim as set forth in section one above.  The court, however, finds that the FAC sufficiently alleges facts in support of a claim for medical negligence, and DENIES Durkin's motion on that basis.  *See Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (1999) (the elements of a claim for medical malpractice include: (1) a duty to use such skill, prudence, and diligence as other members of the medical profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage).  Nevertheless, this claim is DISMISSED as duplicative of the wrongful death claim, which is itself based on Durkin's alleged medical negligence.

### C.     Claim Seven: Unruh Act

Plaintiffs agree to voluntarily dismiss this claim with prejudice.

### D.     Claim Eight: Wrongful Death

The court GRANTS Durkin's motion to dismiss the claim with leave to amend as set forth in section one above.  The court, however, finds that the FAC sufficiently alleges facts in support of a wrongful death claim, and DENIES Durkin's motion on that basis.  *Quiroz*, 140 Cal. App. 4th at 1263-64 (the elements of a wrongful death cause of action include (1) the negligence or other wrongful act; (2) the resulting death; and (3) damages consisting of pecuniary loss suffered by the heirs).

## III.    **Adventist's Motion to Dismiss**

### A.     Supplemental Jurisdiction

The federal supplemental jurisdiction statute provides as follows: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A state law claim is part

of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims, and the state and federal claims would normally be tried together. *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). In determining whether to exercise supplemental jurisdiction, a district court must undertake a case-specific analysis to ascertain whether declining supplemental jurisdiction "comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." *Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir. 2004).

Here, the court finds that consideration of the § 1367(c) factors favors exercising supplemental jurisdiction. It is more efficient to proceed with all actions arising from the incident since the claims against Adventist share a "common nucleus of operative fact" with the federal and state law claims brought against the other defendants. Accordingly, the court DENIES Adventist's motion on this ground.

### B.     Claim Five: Medical Negligence

The court GRANTS Adventist's motion to dismiss the claim as set forth in section one above. Additionally, for the reasons set forth above regarding Durkin's motion as to this claim, the court finds that the FAC sufficiently alleges facts in support of a claim for medical negligence on Durkin's part, and further finds that the FAC sufficiently alleges facts demonstrating that Durkin was an ostensible agent of Adventist, and therefore DENIES the motion on that basis. *See Ermoian v. Desert Hosp.*, 152 Cal. App. 4th 475, 502 (2007); *Mejia v. Community Hosp. of San Bernardino*, 99 Cal. App. 4th 1448, 1454–1455 (2002). However, this claim is DISMISSED as duplicative of the wrongful death claim, which is itself based on the same alleged medical negligence.

### C.     Claim Seven: Unruh Act

The court concludes that plaintiffs have failed to sufficiently allege that Adventist intentionally discriminated against the decedent based on his membership in a protected class, and GRANTS Adventist's motion to dismiss this claim. The dismissal is with

prejudice because the court finds that under the circumstances presented here, no claim for intentional discrimination *because of* decedent's disability can be stated.

### D. Claim Eight: Wrongful Death Act

The court GRANTS Adventist's motion to dismiss the claim with leave to amend as set forth in section one above. The court, however, finds that the FAC sufficiently alleges facts in support of a wrongful death claim, and DENIES Adventist's motion on that basis. *See Quiroz*, 140 Cal. App. 4th at 1263-64.

### E. Punitive Damages

The court GRANTS Adventist's motion to strike the punitive damages allegations that pertain to it in view of plaintiffs' agreement in their opposition that the claim should be dismissed.

## IV. DMH Group's Motion to Dismiss

### A. DMH's Legal Identity

Counsel for plaintiffs, DMH, and counsel for Lake County are required to meet and confer regarding whether DMH may be sued separate and apart from Lake County, which is also a defendant in the lawsuit. The amended complaint shall reflect the correct legal entity potentially liable for the conduct asserted.

### B. Claims Concerning Kristy Kelly

#### 1. Claim One: Deliberate Indifference under § 1983

Defendants' motion to dismiss this claim as it pertains to Kelly is GRANTED with prejudice. This claim is duplicative of claim three as asserted against Kelly, and plaintiffs have alleged no facts in their FAC in support of a deliberate indifference claim as to Kelly.

#### 2. Claim Three: Failure to Train and/or Supervise under § 1983

The court GRANTS defendants' motion to dismiss the claim with leave to amend as set forth in section one above. Additionally, the court finds that plaintiffs have failed to allege a sufficient causal connection between Kelly's failure to supervise and/or train Trujillo and decedent's suicide. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

7

Defendants' motion to dismiss this claim as it pertains to Kelly is therefore GRANTED with leave to amend on this basis as well.

### 3. Claim Four: Negligence

The court GRANTS defendants' motion to dismiss the claim as set forth in section one above. Additionally, the court GRANTS defendants' motion to dismiss this claim because it is duplicative of the wrongful death claim.

### 4. Claim Eight: Wrongful Death

The court GRANTS defendants' motion to dismiss the claim with leave to amend as set forth in section one above. Additionally, the court GRANTS defendants' motion to dismiss this claim with leave to amend because, for the same reasons as those set forth above with respect to claim three, the court finds that plaintiffs fail to allege a sufficient causal connection between Kelly's actions or failure to act and decedent's suicide.

The court defers ruling regarding Kelly's entitlement to immunity under California Government Code section 820.2 until the summary judgment stage as it is possible immunity applies, but the court is unable to rule on the issue absent an evidentiary record.

## C. Patricia Trujillo

### 1. Claim One: Deliberate Indifference under § 1983

The court GRANTS defendants' motion to dismiss the claim with leave to amend as set forth in section one above. However, the court finds that the FAC sufficiently alleges that Trujillo was deliberately indifferent to decedent's serious medical needs, and DENIES the motion on this basis. *See Simmons v. Navajo County*, 609 F.3d 1011, 1017-18 (9th Cir. 2010).

### 2. Claim Four: Negligence

The court GRANTS defendants' motion to dismiss the claim as set forth in section one above, and also because the claim is duplicative of the wrongful death claim, which is itself based on the same alleged underlying negligence.

### 3. Claim Five: Medical Negligence

The court GRANTS defendants' motion to dismiss the claim as set forth in section one above, and also because the claim is duplicative of the wrongful death claim, which is itself based on the same alleged underlying medical negligence allegations.

### 4. Claim Six: Violation of Cal. Govt. Code § 845.6

The court GRANTS defendants' motion to dismiss the claim with leave to amend provided that existing California law permits plaintiffs to raise this claim against a public employee based on a non-custodial environment.

### 5. Claim Eight: Wrongful Death

The court GRANTS defendants' motion to dismiss the claim with leave to amend as set forth in section one above. The court defers ruling regarding Trujillo's entitlement to immunity under California Government Code section 855.8 until the summary judgment stage as it is possible immunity applies, but the court is unable to rule on the issue absent an evidentiary record.

## D. DMH

### 1. Claim Four: Negligence

The court GRANTS defendants' motion to dismiss the claim as set forth in section one above, and because the claim is duplicative of the wrongful death claim, which is itself based on the same alleged underlying negligence allegations.

### 2. Claim Eight: Wrongful Death

The court GRANTS defendants' motion to dismiss the claim with leave to amend as set forth in section one above. The court defers ruling regarding DMH's entitlement to immunity under California Government Code section 855.8 until the summary judgment stage as it is possible immunity applies, but the court is unable to rule on the issue absent an evidentiary record.

## E. Punitive Damages

The court DENIES defendants' motion to dismiss the punitive damages allegations.

**CONCLUSION**

For the reasons set forth above, defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART.  Plaintiffs' second amended complaint is due no later than June 13, 2012.  Defendants shall have 21 days thereafter in order to respond to the complaint.  Plaintiffs are not permitted to raise any new claims in their SAC.  Leave to amend must be sought and obtained before any new claims are raised.

In the event that all defendants answer the SAC, once filed, the parties shall meet and confer and stipulate to a case management conference date.  However, if further motions to dismiss are filed in response to the SAC, the court will notify the parties of a further case management conference date, at which it will revisit the current dispositive motions deadlines and the trial date.

**IT IS SO ORDERED.**

Dated: May 29, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge