United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF JIMMY RAY HATFIELD, et al.,

    Plaintiffs,

    v.

COUNTY OF LAKE, et al.,

    Defendants.

_____/

No. C 11-2396 PJH

**ORDER RE MOTIONS TO DISMISS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

    Defendants (1) Adventist Health Clearlake Hospital ("Adventist") and (2) Lake County Department of Mental Health employees Patricia Trujillo and Kristy Kelly's separate motions to dismiss plaintiffs' second amended complaint ("SAC") came on for hearing on August 22, 2012 before this court. Plaintiffs appeared through their counsel, Michael Green. Adventist appeared through its counsel, Denise Billups-Slone; and Trujillo and Kelly appeared through their counsel, Steven Enochian. Plaintiffs' motion for leave to file an amended complaint also came on for hearing on August 22, 2012 before this court. Defendants City of Clearlake, Allan Wade McClain, Timothy Hobbs, Rodd Joseph, Lauren Vance, Travis Lenz, and Tyler Paulsen oppose plaintiffs' motion, and appeared through their counsel, Kevin Allen. Counsel for William Durkin, Barry Marsh, and for Lake County, Eric Gale, also attended the hearing. Having read all the papers and carefully considered the relevant legal authority, the court hereby GRANTS IN PART and DENIES IN PART defendants' motions, and GRANTS plaintiffs' motion, for the reasons stated at the hearing, and summarized below as follows:

    Adventist's motion to dismiss is DENIED for the reasons set forth in this court's May 29, 2012 order, and because any new evidence submitted by Adventist is more properly

considered at the summary judgment stage, rather than the pleading stage.  See, e.g., Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).

Trujillo's motion to dismiss is GRANTED as to both the fourth cause of action (for general negligence) and the sixth cause of action (for violation of Cal. Gov. Code § 845.6). Both causes of action are dismissed with prejudice.  The court finds that the fourth cause of action is duplicative of the fifth cause of action (for professional negligence), and further notes that plaintiffs have agreed to dismiss the fourth cause of action.  As to the sixth cause of action, the court finds that plaintiffs have not shown that section 845.6 applies in anything other than a custodial environment.  The single case relied upon by plaintiffs (George v. Sonoma County Sheriff's Dept., 2010 WL 4117381 (N.D. Cal. 2010)) involved claims against jail personnel, and is thus inapplicable here.

Kelly's motion to dismiss is GRANTED as to the third cause of action (for failure to train).  Plaintiffs shall be given one final opportunity to amend this cause of action to allege facts sufficient to state a claim under Farmer v. Brennan, 511 U.S. 815 (1994).  Kelly's motion to dismiss plaintiffs' prayer for punitive damages is DENIED without prejudice.

Finally, plaintiffs' motion for leave to file a third amended complaint is GRANTED. Plaintiffs shall have 21 days to file an amended complaint, which shall include only the following changes:  (1) adding a cause of action under the Americans with Disabilities Act against the City of Clearlake defendants, (2) amending the third cause of action (asserted against Kelly) to allege facts sufficient to state a claim for failure to train, and (3) clarifying that no constitutional claims are being asserted against Adventist.  Plaintiffs are not permitted to make any other changes to the amended complaint without leave of court.

**IT IS SO ORDERED.**

Dated: August 22, 2012

PHYLLIS J. HAMILTON
United States District Judge